IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ANTHONY RICHARD HAMILL,           :
                                  :
              Petitioner,         :
                                  :
     v.                           :    Civ. Act. No. 09-881-JJF
                                  :
P. CRUZ, a Corporate              :
Entity and Holder of the          :
Key,                              :
                                  :
              Respondent.         :

**MEMORANDUM ORDER**

Petitioner Anthony Richard Hamill's "Petition For Emergency Writ Of Habeas Corpus" ("Petition")(D.I. 1; D.I. 5), will be **DENIED**, and the Court will not issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); United States v. Eyer, 113 F.3d 470 (3d Cir. 1997).

Petitioner alleges that Respondent "is a corporation for profit" that has detained him in the Seagoville FCI Corporation Prison in Texas, against his will, over his objection, and without his consent. Id. at p.1. According to Petitioner, Respondent is wrongfully detaining him because "no criminal action in the State of Texas has been commenced against [him] by the filing of an affidavit/complaint, by a competent fact witness, alleging the necessary and essential facts sufficient to constitute the elements of a crime that would invoke a lawful court's jurisdiction in the first instance." Id. at p. 1.  He

contends that the Court can review the instant Petition because it has original jurisdiction over corporations incorporated in the State of Delaware, and Respondent corporation is "directly linked to corporations . . . incorporated with the corporations division, Secretary of State of Delaware." Id. at p.2. Petitioner asks the Court to "demand [his] immediate discharge." Id. at p.3.

Federal courts are required to liberally construe pro se filings. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998). Nevertheless, a district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." See Rule 4(b), 28 U.S.C. foll. § 2255; see also 28 U.S.C. § 2243 ("A court, justice or judge entertaining an application for a writ of habeas corpus shall . . . issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the face of the application that the applicant or person detained is not entitled thereto.") A federal prisoner challenging the legality of his conviction or sentence must file a motion to vacate, correct, or modify a sentence pursuant to 28 U.S.C. § 2255 in the sentencing court. See 28 U.S.C. § 2255(a); Davis v. United States, 417 U.S. 333, 343 (1974); In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). The proper

respondent for a § 2255 motion is the United States of America. See Waksmunski ex rel. Korbe v. Mitchell, 2009 WL 499455 (W.D. Pa. Feb. 27, 2009). In turn, a federal prisoner challenging the manner in which his sentence is being executed must file a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the district of confinement. Rumsfeld v. Padilla, 542 U.S. 426, 446-47 (2004); see United States v. Jack, 774 F.2d 605, 607 n.1 (3d Cir. 1985)(a habeas corpus petition pursuant to § 2241 is appropriate in the district of confinement). The proper respondent for a § 2241 petition is the warden of the institution where the petitioner is incarcerated at the time of filing. Rumsfeld, 542 U.S. at 444-46.

Having reviewed the face of the Petition, the Court concludes that it lacks jurisdiction over the instant proceeding. To the extent the instant Petition challenges the legality of Petitioner's conviction and sentence under 28 U.S.C. § 2255, the Court does not have jurisdiction over this proceeding because the Court did not impose Petitioner's conviction and sentence. To the extent Petitioner is challenging the execution of his sentence pursuant to 28 U.S.C. § 2241, the Court does not have jurisdiction to review the pending Petition because Petitioner is not confined in this District.

The Clerk of the Court shall mail a copy of this Memorandum Order to Petitioner at his address of record and to Respondent.

The Clerk of the Court shall close the case.

                                      So Ordered.

_____December 30, 2009_____     _/s/ Joseph J. Farnan, Jr._
         DATE                            UNITED STATES DISTRICT JUDGE